## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| 1.  TZUMI ELECTRONICS LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>OFFICE OF THE UNITED TRADE REPRESENTATIVE; MARIA PAGAN, ACTING U.S. TRADE REPRESENTATIVE<br>U.S. CUSTOMS & BORDER PROTECTION; CHRIS MAGNUS, COMMISSIONER,<br>U.S. CUSTOMS & BORDER PROTECTION<br><br>Defendants. | Court No. |

## COMPLAINT

1. Plaintiff,. Tzumi Electronics LLC , by and through its attorneys hereby brings this action and alleges the following:

### Jurisdiction and Standing

1. Plaintiff is an importer of consumer products made in, among other countries, the People's Republic of China..

2. This action is brought to contest the Defendants' imposition of third and fourth rounds of tariffs on products found in what are commonly referred to as "List 3" and "List 4," or "Tranche 3" and "Tranche 4."  *Notification of Modification of Section 301 Action:  China's Acts, Policies, and Practices Related to technology Transfer, Intellectual Property, and Innovation,* 83 Fed. Reg. 47,974 (Sept. 21, 2018); *Notice of Modification of Section 301 Action:  China's Acts, Policies, and*

1

*Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 43,304 (Aug. 20, 2019).

3. This action is therefore brought to contest the assessment of duties upon plaintiff's imported merchandise by U.S. Customs & Border Protection ("CBP") pursuant to the imposition of the Section 301 tariffs on List 3 and List 4 products.

4. This action is brought under 28 USC §1581(i)(1)(B), which confers exclusive jurisdiction to the Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for … tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;" and  28 USC §1581(i)(1)(D), which confers jurisdiction over the "administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section."

1. 5. Plaintiff is entitled to bring this action pursuant to 28 USC §2631(i), which provides that "[a]ny civil action of which the Court of International Trade has jurisdiction … may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."  5 USC §702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." The tariffs imposed by Defendants on products contained in Lists 3 and 4 adversely affect and aggrieve Tzumi Electronics LLC inasmuch as Plaintiff has been required to pay these unlawful duties, **and has in fact paid these unlawful duties within the past two years of this filing.**

6. An action under 28 USC §1581(i) must be commenced "within two years after the cause of action first accrues."  28 USC §2636(i).

7. The instant action contests action taken by Defendants that resulted in publication of List 3 and the imposition of additional duties, on September 21, 2018. *Notification of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to technology Transfer, Intellectual Property, and Innovation,* 83 Fed. Reg. 47,974 (Sept. 21, 2018).

8. The instant action also contests action taken by Defendants that resulted in publication of List 4 and the imposition of additional duties, on August 20, 2019. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 43,304 (Aug. 20, 2019).

9. Plaintiff's claims accrued at the earliest on September 21, 2018, and on August 20, 2019, and, **continue to accrue with the forced payments of the unlawful duties imposed under Lists 3 and 4**, and therefore, this action is timely filed.

10. The imposition of duties on Lists 3 and 4 products is illegal, null and void, as action that is contrary to the substantive and procedural requirements of the Trade Act.

11. Section 304 of the Trade Act, 19 USC §2414, requires the U.S. Trade Representative ("USTR") to determine what action to take within 12 months after initiation of an investigation under Section 301 of the Trade Act, 19 USC §2411, but the imposition of additional duties on List 3 and 4 products occurred outside of that 12-month timeframe, which commenced on August 18, 2017.

12. The imposition of the additional duties on List 3 and 4 products in response to China's retaliatory duties also is outside the scope of the authority to implement modifications to actions taken under Section 301, as set forth in Section 307 of the Trade Act, 19 USC §2417. The initial actions under Section 301 were for the express purpose of addressing China's intellectual property policies and practices. The imposition of additional duties due to China's retaliation exceeded the authority to modify actions Section 307, having nothing to do with the findings of the 301 investigation.

13. Defendants' actions implementing the List 3 and 4 tariffs also violated the Administrative Procedure Act ("APA"), as they exceeded their authority under the Trade Act and therefore were not in accordance with the law, as well as being arbitrary and capricious. 5 USC §706(2). The USTR failed to provide sufficient opportunity for comment, failed to consider relevant factors when reaching the determination to act, and failed to take into account the facts on record, after receiving thousands of comments.

14. Therefore, the Court should set aside Defendants' actions as *ultra vires* and otherwise contrary to law, as well as order Defendants to refund any duties paid by Plaintiff pursuant to Lists 3 and 4, plus applicable interest.

## PROCEDURAL BACKGROUND

**Lists 1 and 2**

15. On August 18, 2017, USTR initiated an investigation concerning certain acts, policies and practices of the Chinese government pursuant to Section 301(b) of the Trade Act. *Initiation of Section 301 Investigation; Hearing; and Request for Public Comments; China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 82 Fed. Reg. 40,213 (Aug. 24, 2017).

16. On March 22, 2018, USTR issued a report on the results of the investigation, finding that the acts, policies, and practices of the Chinese government were unreasonable or discriminatory and a burden or restriction on U.S. commerce. The report did not quantify the burden or restriction on U.S. commerce imposed by these actions, but USTR did publish a "Fact Sheet" estimating harm to the U.S. economy of at least $50 billion per year, on the same day.

17. Between April and August 2018, within the 12-month statutory timeframe in 19 USC §2414(a)(2)(B), Defendants took actions to remedy the estimated harm to U.S. commerce resulting from the practices determined to be unfair, ending with the imposition of duties on Chinese products included on what are referred to as "List 1" and "List 2."

18. On April 6, 2018, USTR published a notice and request for public comment on its intent to impose additional duties of 25% on a list of products with a total value of approximately $50 billion in estimated trade for the year 2018, because that amount was comparable to the estimated harm to the U.S. economy caused by China's practices and policies. *Notice of Determination and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 14,906 (Apr. 6, 2018).

19. On June 20, 2018, USTR published a notice with a final list of products subject to an additional duty of 25%, with an approximate value of $34 billion. The list is referred to as "List 1." USTR also announced a proposed "List 2," with an approximate value of $16 billion. *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301:  China's Acts, Policies, and Practices Related to technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (June 20, 2018).

20. On August 16, 2018, USTR published a notice with the final list of products subject to an additional 25% duty in List 2. *Notice of Action Pursuant to Section 301:  China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823 (Aug. 16, 2018).

21. By report dated September 15, 2020, *Report of the Panel on United States Tariff Measures on Certain Goods From China*, WT/DS 543/R, the WTO panel concluded that the duties of 25 percent, imposed by the United States on List 1 and 2 Chinese products were inconsistent with Articles I:1, II:2 (a) and II:2 (b) of the GATT 1994 and that the U.S. has not met its burden of demonstrating that the measures are provisionally justified under Article XX (a) of the GATT 1994. The Panel concluded that the U.S. failed to establish a genuine relationship between the imposition of duties on particular products and the public morals objective invoked by the U.S. and recommended that the U.S. bring its measures into conformity with its GATT 1994 obligations.

**Lists 3 and 4**

22. In April 2018, China threatened to impose retaliatory duties on $50 billion in U.S. products, to match the value of the Chinese products that the USTR proposed for the imposition of additional duties.

23. On June 18, 2018, the USTR published a statement indicating that although Lists 1 and 2 "were proportionate and responsive to forced technology transfer and intellectual property theft by the Chinese" identified in the investigation, additional tariffs were being contemplated, which were necessary to respond to the retaliatory and "unjustified tariffs" that China threatened. *USTR Robert Lighthizer Statement on the President's Additional China Trade Action* (June 18, 2018), published at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/june/ustr-robert-lighthizer-statement-0.

24. On July 6, 2018, China imposed duties on its own List 1 of $34 billion and on August 23, 2018, on its List 2 of $16 billion of U.S. goods.

25. On July 17, 2018, USTR published a notice proposing to modify the initial actions in the 301 investigation by imposing an additional 10% on a list of products valued at approximately $200 billion, citing to Section 307(a)(1)(C) of the Trade Act, and basing its proposed action on China's response to the $50 billion action, stating that the $200 billion figure was "appropriate in light of the level of China's announced retaliatory action ($50 billion) and the level of Chinese goods imported into the United States ($505 billion in 2017)." USTR did not identify any increased burdens or restrictions on U.S. commerce resulting from the practices and policies that were the subject of the investigation.

26. Subsequently, on August 7, 2018, USTR published a notice proposing to raise the additional duties from 10% to 25% and set new dates for a public hearing, which was to be held before the submission of written comments, both initial and rebuttal, now due on September 6, 2018. *Extension of Public Comment Period Concerning Proposed Modification of Action Pursuant*

*to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 38,760 (Aug. 7, 2018).

27. Just 15 days after receiving thousands of comments, the USTR published a notice of the final list of products subject to additional duty, known as "List 3," which was set at 10% effective September 24, 2018 and that would increase automatically to 25% on January 1, 2019. 83 Fed. Reg. at 47,974. USTR cited Section 307 of the Trade Act, which provides for modification of actions taken under Section 301 if the burden on U.S. commerce has increased or decreased, stating that China's unfair acts, policies, and practices now included "China's subsequent defensive actions taken to maintain those policies." *Id*. USTR also argued that the initial actions were no longer "appropriate" because "China openly has responded to the current action by choosing to cause further harm to the U.S. economy, by increasing duties on U.S. exports to China." *Id.* at 47,975.

28. Although USTR postponed the increase from 10 to 25% during negotiations with China, ultimately the negotiations fell through and in May 2019, USTR announced that the increase would occur either on May 10, 2019 or June 1, 2019, depending on date of export. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to technology Transfer, Intellectual Property, and Innovation, 84 Fed. Reg. 20,459* (May 9, 2019). USTR referred to China's "retreat" from commitments made earlier in negotiations as the reason for the increase in duty. No public comments were sought.

29. The duties on List 3 products remain in effect, with the exception of a limited number of products which were granted exclusions in subsequent actions. Most of these exclusions expired on August 7, 2020, and December 31, 2020, respectfully. The small number of outstanding remaining are due to expire on September 30, 2021.

30. On May 17, 2019, USTR published a notice of its intent to impose duties of 25% on products worth $300 billion, in what is referred to as "List 4," due to China's "retreat" from commitments made in previous negotiations and announcement of more retaliatory action, seeking

comments and providing for a public hearing. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564 (May 17, 2019).

31. For the public hearing, USTR required witnesses to submit drafts of their testimony by June 10, 2019, and final written comments were due seven days later. As with prior hearings, USTR limited witnesses to five minutes of testimony.

32. USTR published a notice that broke up List 4 into two groups on August 20, 2019. List 4A was slated for a 10% duty on products valued at approximately $120 billion on September 1, 2019. The products on List 4B were scheduled to bear a 10% duty on December 15, 2019. As in every other action, USTR did not address any of the thousands of comments submitted or any of the hearing witnesses' testimony, although it claimed to have taken them into account, and stated that the modification was taken pursuant to Section 307(a)(1)(B) of the Trade Act, due to China's "subsequent defensive actions" including retaliatory tariffs, retreating from commitments, and devaluing the currency, with no indication of any increased burden on the U.S. economy. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 (Aug. 20, 2019).

33. Ten days later, USTR published a new notice of its decision to increase the duty rate for Lists 4A and 4B to 15%, because China announced further retaliatory duties after the publication of the two lists. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 45,821 (Aug. 30, 2019).

34. After negotiating a limited trade deal with China, USTR published a notice on December 18, 2019, suspending the imposition of additional duties on List 4B products and indicating its intent to reduce the rate for List 4A. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and*

9

*Innovation,* 84 Fed. Reg. 69,447 (Dec. 18, 2019).  USTR followed up with a notice in January, reducing the List 4B duties to 7.5%, which went into effect on February 14, 2020.  *Notice of Modification of Section 301 Action:  China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 85 Fed. Reg. 3,741 (Jan. 22, 2020).

35.  While the additional duties on List 4B continue to be suspended, the duties imposed on List 4A products remain in effect.

## STATEMENT OF CLAIMS

## COUNT I – DECLARATORY JUDGMENT – VIOLATION OF THE TRADE ACT OF 1974

36. The allegations of Paragraphs 1 through 35 are restated and incorporated by reference as though fully set forth herein.

37.  Pursuant to the Declaratory Judgment Act, the Court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 USC §2201(a).

38.  The actions taken by Defendants that resulted in the List 3 and List 4A tariffs are not authorized by the Trade Act of 1974.

39.  Under Section 301 of the Trade Act, USTR is authorized to determine appropriate remedies, including the imposition of tariffs, if it determines that "an act, policy, or practice of a foreign country is unreasonable or discriminatory and burdens or restricts United States commerce, and action by the United States is appropriate."  19 USC §2411(b).  The actions taken by USTR that resulted in the List 3 and List 4A tariffs were not based on the statutorily required determination and were taken for entirely different reasons.

40.  Under Section 304 of the Trade Act, if USTR determines that a foreign country has unfair trade practices, USTR must determine what action to take within 12 months from the date on

10

which the investigation was initiated.  19 USC §2414(a)(1)(B), (2)(B).  USTR's actions that resulted in the List 3 tariffs occurred in September 2018, and its actions resulting in the List 4 tariffs occurred in August 2019, in both cases after the 12-month statutory window had expired.

41.  Under Section 307 of the Trade Act, USTR is authorized to "modify or terminate" an action taken pursuant to Section 301(b) of the Trade Act if the burden on the U.S. economy from the foreign country's unfair acts, policies, or practices "increases or decreases."  19 USC §2417(a)(1)(B).  Nevertheless, Section 307 does not authorize increased tariffs for reasons that differ from the acts, policies, or practices that USTR found during its investigation under Section 301 of the Trade Act, and it does not authorize the expansion of remedies to a never ending trade war.

42.  Under Section 307 of the Trade Act, USTR is also authorized to "modify or terminate" actions taken under Section 301(b) of the Trade Act if the initial actions are no longer "appropriate."  19 USC §2417(a)(1)(C).  Nevertheless, Section 307 of the Trade Act does not authorize Defendants to increase tariff actions that are no longer "appropriate."

43.  In the WTO panel report issued September 15, 2020, the panel concluded that even the duties imposed on Lists 1 and 2 Chinese products were not in conformity with the United States' GATT 1994 obligations, which would lead to the conclusion that the same holds true for Lists 3 and 4 products.

43.  Plaintiff is therefore entitled to a declaratory judgment that Defendants' actions giving rise to List 3 and List 4 are *ultra vires* and contrary to law.

## COUNT II – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

44. The allegations of Paragraphs 1 through 43 are restated and incorporated by reference as though fully set forth herein.

45. The APA provides in 5 USC §706(2) that the Court may hold unlawful and set aside agency action that is:

   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
   (B) contrary to constitutional right, power, privilege, or immunity;
   (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
   (D) without observance of procedure required by law; [or]
   (E) unsupported by substantial evidence.

46. Because Defendants exceeded their authority granted under the Trade Act in imposing duties on List 3 and 4 products, they acted "not in accordance with the law" and "in excess of statutory jurisdiction, authority, or limitations," as set forth in Count One.

47. The Defendants imposed new remedies outside of the statutory timeframe and did not offer any evidence of an "increased burden" from China's policies and practices that were the subject of the Section 301 investigation.

48. Defendants' actions also were arbitrary and capricious, inasmuch as they did not provide sufficient time for the public to comment nor for Defendants to actually review all of the thousands of comments and, therefore, they failed to consider all relevant factors before making their decisions. Finally, Defendants failed to adequately explain the rationale for their decisions. The decisions to impose duties on the List 3 and 4 products were therefore unlawful and were not reached in accordance with the APA.

* * *

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully urges this Honorable Court to render judgment:

(i) Holding that Defendants' actions resulting in tariffs on products covered by List 3 are unauthorized by and contrary to, the Trade Act;

(ii) Holding that Defendants' actions resulting in tariffs on products covered by List 4 are unauthorized by and contrary to, the Trade Act;

(iii) Holding that Defendants arbitrarily and unlawfully promulgated List 3 in violation of the APA;

(iv) Holding that Defendants arbitrarily and unlawfully promulgated List 4 in violation of the APA;

(v) Vacating the List 3 rulemaking;

(vi) Vacating the List 4 rulemaking;

(vii) Ordering Defendants to refund, with interest, duties paid by Plaintiff pursuant to List 3;

(viii) Ordering Defendants to refund, with interest, duties paid by Plaintiff pursuant to List 4;

(ix) Permanently enjoining Defendants from applying List 3 to Plaintiff and collecting duties from Plaintiff pursuant to List 3;

(x) Permanently enjoining Defendants from applying List 3 to Plaintiff and collecting duties from Plaintiff pursuant to List 4;

(xi) Awarding Plaintiff its costs and reasonable attorney fees; and

(xii) Granting such other and further relief as may be just and proper.

> Respectfully submitted,
> SHARRETTS, PALEY, CARTER
>   & BLAUVELT, P.C.
> Attorneys for plaintiff
> 75 Broad Street
> New York, New York  10004
> Telephone (212) 425-0055
>
>
> By:   /s/ Allison M. Baron
>         Allison M. Baron

Dated:  February 6, 2023

**CERTIFICATE OF SERVICE**

I, Allison M. Baron, attorney for plaintiff, hereby certify that on February 6, 2023 I caused a copy of the foregoing document and, related summons, to be served upon the following counsel by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY   10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC   20530

Office of the General Counsel
Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC   20006

Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Avenue, NW
Washington, DC   20229

/s/  Allison M. Baron
Allison M. Baron, Esq.
SHARRETTS, PALEY, CARTER
& BLAUVELT, P.C.
75 Broad Street
New York, NY  10004
Tel. No.: (212) 425-0055